IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NOAH GALLOWAY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**K2 LOGISTICS & TRANSPORTATION, LLC.**<br><br>    **Defendant.** | Civil Action No.:<br><br>**Jury Trial Demanded** |

# COMPLAINT

COMES NOW Plaintiff, Noah Galloway, by and through his undersigned counsel and files this lawsuit against Defendant K2 Logistics & Transportation, LLC, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for minimum wage violations.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as Defendant is a domestic corporation who conducts business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.  PARTIES

5. Plaintiff Noah Galloway (hereinafter "Plaintiff" or "Mr. Galloway") is a resident of Broward County, Florida.

6. Mr. Galloway was employed by Defendant, K2 Logistics & Transportation, LLC. (hereinafter "Defendant").

7. Plaintiff is covered by §§ 203, and 206 of the FLSA for the period in which he was employed by Defendant.

8. Defendant K2 Logistics & Transportation, LLC is a domestic corporation with its principal place of business at 4464 Carriage Park Dr, Lithonia, GA. 30038.

9. Defendant conducts business within this State and District, and at all times relevant to this lawsuit is a private business entity that manages employees, such as Plaintiff. As such, Defendant is subject to the jurisdiction of this Court. Defendant may be served process to its registered agent, Kern Alexander at 4464 Carriage Park, Dr., Lithonia, GA. 30038.

10. Defendant is an employer as defined by § 203(d) of the FLSA. Defendant is subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

11. Mr. Galloway was, at all times relevant to this action, an "employee" of the Defendant as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

12. Defendant was provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

### IV.  GENERAL ALLEGATIONS

13. Defendant employed Mr. Galloway for approximately three weeks and two days as an Over-the-Road Driver.

14. Mr. Galloway's employment commenced on or about November 15, 2021 through December 7, 2021 and he was to be paid a weekly rate of $1,650.

15. Mr. Galloway completed the application process including passing a drug screening.

16. Defendant arranged for Mr. Galloway's travel from his home state of Florida to Georgia and purchased a Delta flight so that Mr. Galloway could begin employment.

17. Mr. Galloway arrived in Georgia on November 15 at approximately 6pm and was driving Defendant's truck by 8pm, the same day.

18. Mr. Galloway was responsible for the pick-up and delivery of refrigerated commodities.

19. Mr. Galloway traveled a large majority of the east coast, including but not limited to: the Carolinas, Michigan, Pennsylvania, Kentucky and Indiana.

20. Once Mr. Galloway stepped on the truck on November 15th, he did not leave his assignment until it ended abruptly at Defendant's direction on December 7, 2022.

21. At which point Mr. Galloway was informed his employment had ended and directed to exit the truck. Defendant did not provide Mr. Galloway with transportation back to his home state of Florida.

22. Mr. Galloway incurred $400.00 in transportation costs to return home, which constitutes an illegal deduction from his pay.

23. Defendant informed Mr. Galloway that his first week's pay would be held if and until he leaves the company. Defendant paid Mr. Galloway for weeks two and three of employment, but failed to pay him for the entire first week and the first 2 days of his final week. Mr. Galloway should have been paid $1,650 on November 22nd for November 15 through 21st.

24. Mr. Galloway also worked December 6th and 7th and has received no compensation for those two days. Mr. Galloway's daily rate is $235.71. Therefore, Mr. Galloway is owed a total of $2,121.39 for 9 days of employment and $400 for travel back to Florida, plus liquidated damages, attorneys fees and costs.

25. The FLSA does not exempt truck drivers from the act's minimum wage requirements. Accordingly, Mr. Galloway is unequivocally entitled to full payment for his work.

26. Mr. Galloway does not qualify as an independent contractor since the Defendant established Mr. Galloway's weekly rate, work schedule and pay schedule. Additionally, Defendant provided Mr. Galloway with a company vehicle for which he was not financially responsible for in any way, including fuel, insurance and repairs.

27. Defendant also provided Mr. Galloway instructions regarding how his work should be performed, and Mr. Galloway did not have the authority to turn down any loads nor the ability to select his loads or locations by any means nor in any manner.

28. Defendant provided Mr. Galloway with all tools and supplies required to perform his work, and closely supervised the manner of work performance by frequent communication via phone, text and GPS monitoring of the company vehicle.

29. Mr. Galloway provided Defendants unskilled manual labor requiring no specialized education or training, other than a Commercial Driver's License.

30. In total, Mr. Galloway performed three weeks and two days of work for Defendant before he was terminated and left stranded in a different state than his state of residence. He was only compensated for the second and third weeks of employment. Mr. Galloway is still owed unpaid wages from the entire first week of his employment (a minimum wage violation) as well as for the final two days of his employment (another minimum wage violation).

31. Defendant deliberately avoided paying Mr. Galloway his full compensation earned by refusing to pay $1,650 for the first week of employment, and refusing to pay Mr. Galloway $471.42 for his final two days of employment. The withholding of his pay violates the Minimum Wage Provisions of the Fair Labor Standards Act.

### V.   CAUSES OF ACTION

#### COUNT ONE
#### FAILURE TO PAY MINIMUM WAGE

32. Plaintiff repeats, re-alleges and reiterates all of the foregoing allegations as if set forth herein and states:

33. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203, and 206 of the FLSA.

34. Plaintiff was not an exempt employee or an independent contractor under FLSA.

35. Defendants deliberately avoided paying Mr. Galloway his full compensation he earned from the first and final weeks of his employment.

36. Defendant was aware that it could not lawfully deny Plaintiff his full wages earned.

37. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's full compensation.

38. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive full compensation in accordance with §§ 203, and 206 of the FLSA.

39. As a result of the unlawful acts of Defendants, Mr. Galloway was deprived of compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## BREACH OF CONTRACT

40. Plaintiff repeats, re-alleges and reiterates all of the foregoing allegations as if set forth herein and states:

41. Defendants breached its employment contract with Plaintiff when it agreed to pay him $1,650 each week and failed to do so.

## PRAYER FOR RELIEF

42. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a. All damages that may be awarded under FLSA, and Georgia law; general compensatory damages including but not limited to damages for mental and emotional distress plus interest;

    b. Special damages;

   c. Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

   d. Unpaid minimum wage compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

   e. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 3rd day of February 2022.

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**