IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NOAH GALLOWAY,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**K2 LOGISTICS & TRANSPORTATION, LLC.**<br><br>    **Defendant.** | **Civil Action No.: 1:22-cv-00445-SDG** |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT ON LIABILITY AND DAMAGES**

COMES NOW Plaintiffs Noah Galloway, by and through his undersigned counsel, files this Motion For Entry of Default Judgment as to liability and damages, pursuant to Fed. R. Civ. P. 55(b) and shows the Court as follows:

**I.  BACKGROUND**

Plaintiff, Noah Galloway (hereinafter "Plaintiff") is former employee of Defendant, K2 Logistics & Transportation, LLC., (hereinafter "Defendant").  Plaintiffs filed a lawsuit against Defendant alleging various violations of the Fair Labor Standards Act and breach of contract on February 3, 2022.  Defendant was served on April 1, 2022, but failed to file an answer Plaintiff's Complaint, which was due on April 22, 2022.  Accordingly, Plaintiff moved for entry of the Clerk's Default on April 23, 2022, which was entered on April 25, 2022.

Defendant employed Plaintiff for approximately three weeks and two days as an Over-the-Road Driver. *See Complaint* at ¶13 (Dckt No. 1). Mr. Galloway's employment commenced on or about November 15, 2021 through December 7, 2021 and he was to be paid a weekly rate of $1,650. Id. at ¶14. Mr. Galloway completed the application process including passing a drug screening. Id. at ¶15. Defendant arranged for Mr. Galloway's travel from his home state of Florida to Georgia and purchased a Delta flight so that Mr. Galloway could begin employment. Id. at ¶16. Mr. Galloway arrived in Georgia on November 15 at approximately 6pm and was driving Defendant's truck by 8pm, the same day. Id. at ¶17. Mr. Galloway was responsible for the pick-up and delivery of refrigerated commodities. Id. at ¶18. Mr. Galloway traveled a large majority of the east coast, including but not limited to: the Carolinas, Michigan, Pennsylvania, Kentucky and Indiana. Id. at ¶19. Once Mr. Galloway stepped on the truck on November 15th, he did not leave his assignment until it ended abruptly at Defendant's direction on December 7, 2022. Id. at ¶20. At which point Mr. Galloway was informed his employment had ended and directed to exit the truck. Defendant did not provide Mr. Galloway with transportation back to his home state of Florida. Id. at ¶21. Mr. Galloway incurred $400.00 in transportation costs to return home, which constitutes an illegal deduction from his pay. Id. at ¶22.

Defendant informed Mr. Galloway that his first week's pay would be held if and until he leaves the company. Defendant paid Mr. Galloway for weeks two and three of employment, but failed to pay him for the entire first week and the first 2 days of his final week. Mr. Galloway should have been paid $1,650 on November 22nd for November 15 through 21st. Id. at ¶23. Mr. Galloway also worked December 6th and 7th and has received no compensation for those two

days. Mr. Galloway's daily rate is $235.71. Therefore, Mr. Galloway is owed a total of $2,121.39 for 9 days of employment and $400 for travel back to Florida, plus liquidated damages, attorneys fees and costs. Id. at ¶24.

The FLSA does not exempt truck drivers from the act's minimum wage requirements. Accordingly, Mr. Galloway is unequivocally entitled to full payment for his work. Id. at ¶25. Mr. Galloway does not qualify as an independent contractor since the Defendant established Mr. Galloway's weekly rate, work schedule and pay schedule. Additionally, Defendant provided Mr. Galloway with a company vehicle for which he was not financially responsible for in any way, including fuel, insurance and repairs. Id. at ¶26. Defendant also provided Mr. Galloway instructions regarding how his work should be performed, and Mr. Galloway did not have the authority to turn down any loads nor the ability to select his loads or locations by any means nor in any manner. Id. at ¶27. Defendant provided Mr. Galloway with all tools and supplies required to perform his work, and closely supervised the manner of work performance by frequent communication via phone, text and GPS monitoring of the company vehicle. Id. at ¶ 28. Mr. Galloway provided Defendants unskilled manual labor requiring no specialized education or training, other than a Commercial Driver's License. Id. at ¶29.

In total, Mr. Galloway performed three weeks and two days of work for Defendant before he was terminated and left stranded in a different state than his state of residence. He was only compensated for the second and third weeks of employment. Mr. Galloway is still owed unpaid wages from the entire first week of his employment (a minimum wage violation) as well as for the final two days of his employment (another minimum wage violation). Id. at ¶30. Defendant deliberately avoided paying Mr. Galloway his full compensation earned by refusing to pay

$1,650 for the first week of employment, and refusing to pay Mr. Galloway $471.42 for his final two days of employment. The withholding of his pay violates the Minimum Wage Provisions of the Fair Labor Standards Act. Id. at ¶ 31.

On April 1, 2022, Plaintiff served Defendant serves the Complaint and Summons upon K2 Logistics & Transportation, LLC through the State of Georgia Secretary of State pursuant to O.C.G.A. § 14-11-209(f). As proof of service of the summons and complaint, the State of Georgia Secretary of State Issued an Acknowledgement of Service Certificate, with an effective date of April 1, 2022. (See Dckt Entry No 5.) Defendant's Answer to Plaintiffs' complaint was due on April 22, 2022 but Defendant failed to answer the complaint, and as of the time filing the instant motion, Defendant still has not answered the complaint.

## II. LEGAL ARGUMENT

Defendant violated the Fair Labor Standards Act by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203, and 206 of the Act. The well-pled facts of Plaintiff's Complaint demonstrate that Defendants should be found liable for their illegal acts.

**A. Legal Standard of Rule 55(b)(2)**

A defaulted defendant is deemed to have admitted all of the plaintiff's "well-pleaded allegations of fact." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Upon a motion for default judgment, the trial court examines the legal sufficiency of the factual allegations, or whether the facts support the causes of action and provide a plausible claim for relief. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The entry of a default judgment is left to the discretion of this Court. *See Hamm v*

*DeKalb County.*, 774 F.2d 1567, 1576 (11th Cir. 1985). As to damages, a plaintiff may submit affidavits and other evidence supporting her damages or the court may hold an evidentiary hearing. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc*., 449 F. App'x 908, 912 (11th Cir. 2011)(noting the plaintiff submitted evidence in the record to support damages requested and the trial court did not abuse its discretion in finding evidentiary hearing unnecessary). But, an evidentiary hearing is not a *per se* requirement as Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone: "The court may conduct such hearings . . . .". *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)(emphasis added). The Eleventh Circuit has held that "no such hearing is required where all essential evidence is already of record." *Id.*

### B. Defendants Violated the Minimum Wage Provisions of the FLSA

By its actions alleged in Plaintiffs uncontested complaint, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 206 of the FLSA.  Plaintiffs were not exempt employees under FLSA. Defendant deliberately avoided paying Plaintiff the full compensation earned by refusing to adequately compensate him for all hours worked. Defendant was aware that it could not lawfully deny Plaintiff appropriately calculated minimum wages. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's minimum wage compensation.   As a result of Defendant's violations of the FLSA, Plaintiff suffered damages by failing to receive minimum wages in accordance with §§ 203, and 206 of the FLSA.

Plaintiff's pleadings in this case, which Defendants have admitted to by default, are more than sufficient to establish that Plaintiff was a covered employee who Defendant failed to pay

overtime wage.  As a non-salaried worker, Plaintiff does not qualify for any of the recognized exemptions from the protections of FLSA.

Defendant  abruptly ended Plaintiff's employment of December 7, 2022 and directed him to exit Defendant's truck while he was in Georgia.  *See Complaint* at ¶¶ 20, 21. This breach of contract left Plaintiff stranded in Georgia without funds to travel back to Florida, and Defendant did not provide Plaintiff with transportation back to his home state of Florida.  Id. at ¶21. Plaintiff had to borrow money to return home.  Defendant failed to reimburse Plaintiff for the $400.00 it cost him to travel back to Florida, which further reduced his  effective hourly compensation to below minimum wage.   The $400 constitutes consequential damages resulting from the breach of contract, as well an unlawful wage deduction under FLSA.

The US. Department of Labor has clarified the compensation requirements for employees travel costs in its DOL Opinion Letter FLSA 2020-12 (August 31, 2020), stating the following:

> *The FLSA requires covered employers to pay nonexempt employees no less than the federal minimum hourly wage for all non-overtime hours actually worked in a given workweek. 29 U.S.C. § 206. Employees must receive these wages "free and clear." 29 C.F.R. § 531.35. . . . An employer violates the FLSA "in any workweek when the cost of such tools" (and the like) "cuts into the minimum or overtime wages required to be paid...." Id. § 531.35. Therefore, an employer violates the FLSA if the employee's wages, minus expenses, end up below the federal minimum wage for a given non-overtime workweek. See id.; see also id. §§ 531.3(d), 531.36(b).*

DOL Opinion Letter FLSA 2020-12 at p 2 (August 31, 2020),

Since Plaintiff was in Georgia primarily for Defendant's benefit, forcing him to incur the cost of his travel back to Florida further cut into the minimum wages that Defendant had already denied Plaintiff.  By its actions alleged herein, Defendant willfully, knowingly and/or recklessly

violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to reimburse Plaintiffs for employer expenses incurred in the form of a travel costs in accordance with § 778.217 of the FLSA.  Defendant is well aware that it could not lawfully shift the burden of such expenses constituting illegal deductions and/or kickbacks to Plaintiffs. See *Williams v. Cent. Transp. Int'l, Inc.*, 830 F.3d 773 (8th Cir. 2016).  Defendant has not made a good faith effort to comply with the FLSA with respect to reimbursement of employer expenses, specifically travel costs.

As a result of the unlawful acts of Defendant, Plaintiff was deprived of minimum wage compensation, and is entitled to recovery of such amounts, liquidated damages, costs, attorneys' fees, and other relief.  As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive reimbursement of employer expenses in accordance with §778.217 of the FLSA.

### III. DAMAGES

Plaintiff seeks compensatory and liquidated damages against Defendant for violations of the Fair Labor Standards Act in the amount as shown below.  Plaintiff is owed a total of $4,242.78 in unpaid wages and liquidated damages, plus attorney's fees and costs.  Having established a violation of the FLSA, Plaintiff also seeks to recover from Defendant the expenses of this litigation, including but not limited to reasonable attorney fees and costs to be determined.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests this Court to enter an order: granting default judgment in favor of Plaintiff and against Defendant; awarding Plaintiff both

compensatory and liquidated damages totaling $4,242.78, and entitling Plaintiffs to an award of attorney's fees and costs in an amount to be determined.

Respectfully submitted this 14th day of May 2022.

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
alizana@attorneylizana.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on this date I electronically filed this Certificate of Service for Plaintiff's Motion for Default Judgment on Liability and Damages using U.S. mail to:

>Defendant K2 Logistics & Transportation, LLC
>℅ Registered Agent Kern Alexander
>at 4464 Carriage Park Drive
>Lithonia, GA. 30038

I also hereby certify that I have mailed to Defendant listed above the document that is named in this Certificate of Service this 14th day of May 2022.

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
alizana@attorneylizana.com